POSTED ON WEBSITE
NOT FOR PUBLICATION

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

FRESNO DIVISION

| | |
|---|---|
| In re | ) Case No. 25-10499-B-7 |
| | ) |
| **JEFFREY REICH,** | ) Docket Control No. MLO-2 |
| | ) |
| | ) |
| Debtor. | ) |
| | ) |
| | ) |
| _____ | ) |

**MEMORANDUM RULING ON PAMELA REICH'S MOTION FOR RECONSIDERATION OF THE COURT'S ORDER AND MEMORANDUM RULING ON MOTION TO DISQUALIFY COUNSEL**

_____

Richard Ryan McMath, MCMATH LAW OFFICE, for Pamela Reich, Movant.

Megan Zavieh, ZAVIEH LAW, for JEFFREY REICH, Respondent.

_____

RENÉ LASTRETO II, Bankruptcy Judge:

### INTRODUCTION

Extraordinary remedies are imposed sparingly.

Reconsideration of a federal court order is one of those remedies. Often requested but rarely granted, these motions are commonly used to reargue unsuccessful contentions. Here, a creditor and estranged spouse of the debtor wants to invoke the extraordinary remedy so creditor's disqualified counsel can continue representation in this case. But no manifest error of

///

///

law or fact or newly discovered evidence exists here.  The motion

for reconsideration will be DENIED. [1]

**I.**

**BACKGROUND**

**A.**

**Motion to Disqualify Counsel**

On September 11, 2025, the court issued an order

disqualifying attorney Shane Reich ("Shane") from representing

his mother, Pamela Reich ("Pamela") in his father, attorney

Jeffrey Reich's ("Jeffrey") chapter 7 bankruptcy.  Pamela and

Jeffrey are in the throes of a contentious decade long

dissolution case.

The court issued a 27-page ruling outlining three

independent reasons why Shane was disqualified.  First, Shane was

employed by Jeffrey's law firm for twenty years, during which

time he directly represented Jeffrey in litigation in which his

financial status was a significant issue.  Both attorney/client

and otherwise confidential communications concerning Jeffrey's

finances require protection from the risk of disclosure.  The

disqualifying fact here is Shane's successive representation of

Pamela adverse to Jeffrey without Jeffrey's informed written

consent under circumstances where Shane acquired confidential

information including attorney/client communications.

///

---

[1] The following is the court's findings of fact and conclusions of law under Fed. R. Civ. Proc. 52 (Fed. R. Bankr. Proc. 7052).  Any finding of fact deemed a conclusion of law is so adopted.  Any conclusion of law deemed finding of fact is also so adopted.

Second, Shane's work at Jeffrey's firm as bookkeeper gave Shane access to confidential information concerning the firm's finances. The court weighed the conflicting evidence about Shane's role as bookkeeper and found testimony of Jeffrey's accountant to tip the persuasive scale in Jeffrey's favor. Jeffrey has alleged that Shane misappropriated hundreds of thousands of dollars from the firm. Shane strenuously denies that fact. In reply to the opposition to the disqualification motion, Jeffrey stated he would not pursue that claim.

Third, even independent of the attorney/client relationship or bookkeeper relationship, the inherent authority of the court to disqualify can be applied when the facts support a finding that a fiduciary or confidential relationship arose such that the continued representation of a party adverse to the one with whom the relationship arose would betray that relationship.

Such is the case here. The court found that the facts supported a finding that a fiduciary or confidential relationship arose between Jeffrey and Shane such that representation of Pamela by Shane would betray that relationship. Aside from Shane's lengthy employment by Jeffrey, Shane is Jeffrey's son. Confidential information was bound to be shared given the circumstances. The risk of use of confidential information by Shane was sufficient to disqualify Shane as a prophylactic remedy.

Fourteen days after the court issued its opinion and order, Pamela (with new counsel) filed this motion for reconsideration.
///
///

**B.**

**The Parties' Contentions**

1.   <u>Pamela's Contentions</u>.

Pamela contends first that she was denied due process.  Her theory is that, as the court noted, Jeffrey Reich's reply declaration in the underlying motion stated that he was not going to pursue his asserted claim that Shane and Pamela allegedly misappropriated funds from the "community property law firm." Therefore, Pamela argues, she was denied the opportunity to respond to that statement, which she claims is untrue.  The purported significance of this is that Jeffrey's pursuit of the claim amounts to a waiver of confidentiality "associated" to the allegation.

Second, Pamela posits that the court did not address that Jeffrey had a fiduciary duty to Pamela to provide information concerning community property assets as required by Cal. Fam. Code. §§ 721(b) and 1100(e).  She further posits that any information Shane may have had about Jeffry's finances was information Jeffrey was legally required to share with Pamela anyway.  Pamela argues that Shane represented both her and Jeffrey during the relevant time frame and thus was not disqualified from representing Pamela now.  She also argues that no harm to Jeffrey can occur because of Shane's representation of Pamela because Jeffrey was bound by law to share the information with Pamela anyway.

Third, Pamela urges that the information Shane obtained while employed by the "community property law firm" over the
///

course of twenty years was not confidential because Jeffrey stopped "trusting" Shane with firm finances after the end of 2016.

2.   <u>Jeffrey's Contentions in Opposition</u>.

Jeffrey's opposition raises five issues.  First, motions for reconsideration are not meant to re-litigate issues and are only to be used in extraordinary circumstances.  Nothing presented by Pamela, Jeffrey argues, warrants the extraordinary relief requested.

Second, Jeffrey urges there is no manifest error of law or fact.  Shane, Jeffrey argues, has always been fully aware of his relationship with Jeffrey, whether as his attorney, as his employee, as his bookkeeper, and as his son.  No newly discovered evidence was presented.

Third, Jeffrey contends that Pamela's inability to respond to Jeffrey's statement that he would not pursue the misappropriations claim against Shane is irrelevant.  The nature of briefing in court is the reply is the last word.

Fourth, Jeffrey argues that the court is not required to respond to every argument presented by a party.

Fifth, Jeffrey claims that his marriage to Pamela does not render his rights as Shane's client moot.  Jeffrey is entitled to rely on confidentiality.

///

///

///

///

1    3.    <u>Pamela's Reply</u>.

2         Pamela's reply (Doc. #218) repeats the same points as the

3    motion.   She now argues the opposition was late.[2]   Pamela

4    reiterates her complaint that the court considered the reply on

5    Jeffrey's motion to disqualify denying her due process.

6    Additionally, she reiterates that Jeffrey's fiduciary duties to

7    Pamela under state law made Shane's duty to maintain Jeffrey's

8    confidences "evaporate."   Again, Pamela argues that any remaining

9    confidence that Jeffrey reposed on Shane was merely general

10   business and litigation strategy and not protected.[3]

11

12                                **C.**

13                            <u>**JURISDICTION**</u>

14        This court's jurisdiction arises by reference from the

15   United States District Court for the Eastern District of

16   California under 28 U.S.C. § 157(a).   The District Court has

17   jurisdiction under 28 U.S.C. § 1334(b).   This court may hear and

18   finally determine this motion as it asks the court to reconsider

19   ///

20   _____

21   [2] The opposition was filed one day late.   It was filed on October 31, 2025, and
     was due October 30, 2025.   Though Pamela "objects" to the late filed
22   opposition, she points to no prejudice and she has filed a substantive reply.
     Since the one day tardiness does not affect Pamela's reply, and Pamela did not
     request a continuance of the hearing, the court will overlook Jeffrey's
23   counsel's error.
     [3] In reply, Pamela raised for the first time the argument that Jeffrey's
24   maintenance of any privilege may be waived by the "crime-fraud" exception to
     California's lawyer-client privilege.   Cal. Ev. Code § 956.   Since the
25   argument was raised in reply, it is therefore waived.   *Autotel v. Nevada Bell
     Telephone Co.*, 697 F.3d 846, 852 fn3 (9th Cir. 2012) quoting *Turtle Island
26   Restoration Network v. U.S. Dept. of Commerce*, 672 F.3d 1160, 1166 fn8 (9th
     Cir. 2012).   But even if not waived, Pamela points to nothing in the record
27   showing Jeffrey sought or obtained Shane's services to enable Jeffrey to
     commit a crime or fraud.   Cal. Ev. Code § 956(a).   Pamela has the burden to
28   show a prima facia case of crime or fraud.   *Cunningham v. Connecticut Mutual
     Life Ins.*, 845 F.Supp. 1403, 1412 (S.D. Cal. 1994) cits. omitted.

its own order and this matter is a core proceeding under 28 U.S.C. § 157 (b)(2)(A).

## II.

## DISCUSSION

### A.

### Standards on Motion for Reconsideration.

Decisions regarding a disqualification of counsel are reviewed for abuse of discretion. *Paul E. Iacono Structural Engineer, Inc. v. Humphrey*, 722 F.2d 435, 438 (9th Cir. 1983). The rulings of the trial court on a disqualification motion is not disturbed if there is any sound basis for the court's action. *Cohn v. Rosenfeld*, 733 F.2d 625, 631 (9th Cir. 1984). The court's ruling on the motion to disqualify was subject to the court's discretion. There is ample basis in the record for the court's ruling disqualifying Shane. A bankruptcy court's denial of a motion for reconsideration is also reviewed for abuse of discretion. *In re Donovan*, 871 F.2d 807, 808 (9th Cir. 1989); *Rigby v. Mastro (In re Mastro)*, 585 B.R. 587, 591 (B.A.P. 9th Cir. 2018).

A motion for reconsideration is considered to be a Rule 9023 motion which incorporates Civ. Rule 59(e). *Clinton v. Deutsche Bank Nat'l Trust Co., (In re Clinton)*, 449 B.R. 79, 83 (B.A.P. 9th Cir. 2011).[4]  To succeed on a motion for reconsideration, movant needs to (1) present newly discovered evidence, (2) show clear error, or (3) show an intervening change in controlling

---

[4] References to "Rule" shall be to the Fed. R. Bankr. Proc. references to "Civ. Rule" are to the Federal Rules of Civil Procedure.

law.  *Marlyn Nutraceuticals, Inc. v. Mucos Pharma Gmb H & Co.*,
571 F.3d 873, 880 (9th Cir. 2009).  Mere disagreement with a
court's application of a standard is not manifest error of law or
fact.  *Hutchinson v. Staton*, 994 F.2d 1076, 1082 (4th Cir. 1993).
A manifest error is one that amounts to a complete disregard of
the controlling law or evidence in the record.  Black's Law
Dictionary *Manifest Error* pg. 622 (Ninth Edition 2009); *In re Oak
Park Calabasas Condo. Ass'n*, 302 B.R. 682, 683 (Bankr. C.D. Cal.
2003).

Although Rule 59(e) permits a District Court to reconsider
and amend a previous order, the rule offers an "extraordinary
remedy, to be used sparingly in the interests of finality and
conservation of judicial resources."  *Kona Enters. v. Estate of
Bishop*, 229 F.3d 877, 890 (9th Cir. 2000).

Pamela points to no newly discovered evidence or intervening
change in controlling law to support her motion for
reconsideration.  Pamela, instead, depends upon the "manifest
error" ground.  As will be seen, no manifest error of law or fact
was committed requiring the court to reconsider its previous
order.

**B.**

**Pamela Received Due Process.**

Due process requires notice "reasonably calculated, under
all the circumstances, to apprise interested parties of the
pendency of the action and afford them an opportunity to present
their objections."  *Mullane v. Cent. Hanover Bank & Tr. Co.*, 339
U.S. 306, 314 (1950); *United Student Aid Funds, Inc. v. Espinosa*,

559 U.S. 260, 272 (2010); *Jones v. Flowers*, 547 U.S. 220, 225
(2006)(due process does not require actual notice.)  An alleged
due process violation cannot constitute reversible error unless
the party asserting the violation can demonstrate prejudice.  *See
Rosson v. Fitzgerald (In re Rosson)*, 545 F.3d 764, 776, 777 (9th
Cir. 2008) *partially abrogated on other grounds as recognized by
Nichols v. Marana Stockyard & Livestock Mkt., Inc. (In re
Nichols)*, 10 F.4th 956, 962 (9th Cir. 2021).  Upon objective
examination of the record in this case, one should conclude that
Pamela received due process.

1.   The Court's Consideration of Jeffrey's Reply Declaration.

    Pamela has made much of the fact the court considered
Jeffrey's reply declaration filed in support of the motion to
disqualify.  Specifically, Jeffrey stated that he would not
prosecute his claim against Shane for misappropriation.  Pamela
argues that she did not have the opportunity to respond to the
statement.

    Pamela is incorrect.  She filed this motion for
reconsideration, and her response seems to assert that Jeffrey
will prosecute the claim even though he said he would not.  This
"evidence standoff" does not amount to newly discovered evidence
in any form.  Evidence in the possession of the party before the
judgment was rendered is not newly discovered.  *Feature Realty,
Inc. v. City of Spokane*, 331 F.3d 1082, 1093 (9th Cir. 2003).
Cases construing "newly discovered evidence" either under Civ.
Rule 60(b)(2) or Civ. Rule 59 uniformly hold that events
occurring after the trial are not newly discovered evidence

within the meaning of the Civil (or Bankruptcy) Rules. *State of Washington v. United States*, 214 F.2d 33, 46 (9th Cir. 1954) *cert. denied* 348 U.S. 862 (1954). There is nothing in the record suggesting Jeffrey retracted his statement from his reply declaration after the court's ruling. Pamela did not provide any evidence that Jeffrey's "retraction" could not have been discovered at an early stage. And more importantly, the evidence of Jeffrey's alleged "retraction" is not of such magnitude that production of it earlier would likely have changed the outcome of the case. *Defenders Wildlife v. Bernal*, 204 F.3d 920, 929 (9th 2000). This is true for three reasons.

First, Jeffrey's testimony that he was not pursuing the claim was not a controlling factor in the disqualification. It was a factual refutation to Shane's claim that the attorney/client privilege is waived by Jeffrey pursuing the embezzlement claim. It is also not relevant to the inherent power of the court to disqualify which did not depend on the attorney/client relationship. Pamela continues to ignore this fundamental issue.

Second, Pamela ignores the court's analysis that even if Jeffrey's threats concerning Shane's alleged embezzlement from the law firm would result in a waiver of the attorney/client privilege – and they would not – the waiver would be very narrow. Doc. #174 pp. 23-24).[5] Also, Shane's argument ignores the

---

[5] Extent of a waiver is narrowly defined and information required to be disclosed must fit strictly within the confines of that waiver. *Sony Cmptr. Ent. Am., Inc. v. Great American Ins. Co.;* 229 F.R.D. 632, 635 (N.D. Cal. 2005) quoting *Transamerica Title Ins. Co. v. Superior Court*, 188 Cal.App.3d 1097, 1052 (1987). Any waiver would be limited to what Shane is permitted to disclose to defend himself. That does not result in a complete waiver as to all confidential communications.

court's inherent power to disqualify. *Id.* Shane never denied that Jeffrey reposed trust and confidence in Shane. *Id.*

Third, this entire argument is a red herring. If there is a claim against Shane for embezzlement – and the court has not found any such claim to be valid at this time – that claim is not Jeffrey's to pursue because it would be property of the bankruptcy estate. 11 U.S.C § 541(a)(1). The trustee of Jeffrey's bankruptcy estate has standing to pursue the claim. 11 U.S.C. § 323; Rule 6009. There is nothing in the record establishing the Trustee's pursuit of the claim. The argument is meritless.

2. <u>The Court's Ruling was Consistent with Due Process</u>.

In an undeveloped argument, Pamela asserts that the court's application of its inherent powers to find a confidential relationship between Shane and Jeffrey independent of any attorney/client or bookkeeper relationship was a violation of due process because it was not argued by Jeffrey in his motion to disqualify.

This ignores the facts. Jeffrey's notice of motion (Doc. #65) references confidential information Shane as both an attorney and employee and also raised attorney/client and fiduciary duties. The memorandum of points and authorities (Doc. #68) referenced Shane's duty to maintain confidences under Cal. Rules of Prof'l Conduct Rules 1.6 and 1.9. Rule 1.6 references Cal. Bus. Prof. Code § 6068(e)(1). That section sets forth the duty of an attorney to:

///

> Maintain inviolate the confidence and at every peril
> to himself or herself to preserve the secrets, of
> his or client.

Cal. Bus. & Prof. Code § 6068(e)(1).

Jeffrey argued in his memorandum of points and authorities that Shane was barred from using Jeffrey's confidential information because of Cal. Rule of Prof'l Conduct 1.9. Jeffrey also argued that Shane's confidentiality obligations went beyond the work at the "community property law firm."

The duty of confidentiality is broader than the lawyer/client privilege and protects virtually everything the lawyer knows about the client's matters regardless of the source of information. *Elijah W. v. Superior Court*, 2016 Cal.App. 4th 140, 151 (2013) citing Cal. Bus. & Prof. Code 6068(e)(1); *Dietz v. Meisenheimer & Herron*, 177 Cal.App. 4th 771, 787 (2009); Rst. 3d Law Governing Lawyers § 59 ("[C]onfidential information consists of information relating to representation of a client, other than information that is generally known)."

It is unreasonable to argue that Pamela was "blindsided" by the court's analysis. The record on the motion to disqualify included several references to Shane's unfettered access to confidential information about Jeffrey. Jeffrey trusted Shane and shared detailed financial information with him, Shane handled legal cases on behalf of Jeffrey, and Shane had a close, confidential relationship with Jeffrey. Doc. #69 filed May 23, 2025. Jeffrey states he never gave Shane permission to share

///

///

///

information with Pamela.  He told Shane to "not take sides." Doc. #104 filed June 17, 2025.[6]

Pamela received due process.  There is nothing in the record showing how Pamela's presentation to the court has been compromised in any way or that Pamela has been prejudiced in any way other than her initial chosen counsel being disqualified.

**C.**

**The Court Considered
Jeffrey and Pamela's Mutual Fiduciary Duties.**

1. <u>The Mutual Fiduciary Duties did not Obviate the Need for Disqualification</u>.

Pamela argues in the motion for reconsideration that the court did not consider the mutual fiduciary obligations that Jeffrey and Pamela had to each other and continue to have until their marriage is dissolved.  Pamela contends that the application of those fiduciary duties excuses Shane's obligation to Jeffrey to maintain confidences.  But the court did indeed consider the fiduciary duties and will once again explain why Pamela is improperly conflating the family law fiduciary duties with Shane's duties to maintain confidences.

Cal. Fam. Code §§ 721(b) and 1100(e) do establish certain relationships and fiduciary duties between spouses.  Section 721(b) establishes a fiduciary relationship between spouses in transactions between themselves such that neither spouse shall

---

[6] The argument also ignores the court's accommodations.  The record shows that Jeffrey's original notice of the disqualification motion erroneously stated that filing opposition was unnecessary.  Pamela filed opposition anyway and asked for additional time for further briefing.  The court granted the request and continued the hearing.

take unfair advantage of the other.  The spouses are subject to the same rights and duties of non-marital business partners.

Cal. Fam. Code § 1100(e) provides that the fiduciary relationship between spouses extends to management and control of community property until the assets have been divided by a court. That includes full disclosure of material facts and equal access to all information pertaining to the value and character of community assets and debts.  There is no doubt that those duties exist between spouses.

Absent from the record here though, and this motion, is any authority providing that a fiduciary whether an attorney, employee or otherwise holding confidential information is excused from maintaining confidentiality absent consent.  That consent must be written in most instances.  The duties Jeffrey and Pamela have to each other are *their* duties.  The court has been provided no authority that Shane's duties to Jeffrey in Shane's various capacities are excused because Shane at one time was employed by a community property asset – the law firm.

Jeffrey's legal obligations to Pamela concerning information about community property while Shane was defending Jeffrey from collection actions were not Shane's own obligations.  The disqualification was not because Shane shared information with Pamela but rather because the confidential relationship Shane had with Jeffrey existed and posed a risk of that information being shared.  Jeffrey's statutory duties to Pamela are Jeffrey's statutory duties.  Shane is not the arbiter of the information spouses are duty bound to share.  The issue on the motion to disqualify is the confidential relationship, not the sharing of

information.  The potential for misuse was the issue on the disqualification motion.

Involving the court in determining the extent of permissive communication by Shane is a clear reason why disqualification is necessary here.  No inquiries should be made into the communication when the attorney/client relationship was direct. Confidential information between an attorney and a client is presumed.  *Fiduciary Trust International of California v. Superior Court*, 218 Cal.App. 4th 465, 486 (2013).

2.   <u>The Authorities Pamela Relies Upon Are Distinguishable</u>.

Pamela once again relies on *In re Rindlisbacher*, 225 B.R. 180 (B.A.P. 9th Cir. 1998) to argue Shane is free to share confidential communications with Jeffrey because Jeffrey is continuing to assert that Pamela and Shane allegedly misappropriated hundreds of thousands of dollars from the law practice.  The court has already discussed why that argument is a "red herring."

Nevertheless, there are additional distinguishing factors.

First, Pamela admits *Rindlisbacher*'s holding is inapposite to the facts here. Doc. #194.

Second, Pamela's contention that *Rindlisbacher* affirms an attorney's freedom to betray confidences if there is a breach of duty by the client expands *Rindlisbacher's* holding beyond its text.  The panel's discussion referenced by Pamela dealt with the client's duty to pay fees, not the sort of duties implicated in this matter. *Id*. at 183.

///

Third, the panel in *Rindlisbacher* held that there was no waiver by the client when the now-adverse attorney asked for information which the client had discussed in confidence. *Id*. at 184. *Rindlisbacher* is inapplicable and not persuasive here.

Pamela also cites *Arden v. State Bar of California*, 52 Cal. 2d 310, 320 (1959) to argue that Jeffrey challenged Shane's integrity by accusing Shane of misappropriation, and so Jeffrey waived protection of his confidential communication with Shane.

First, the Ninth Circuit has cast doubt on the continuing vitality of *Arden*. In *Cord v. Smith*, 338 F.2d 516, 524 (9th 1964, the Circuit declined to follow *Arden* because *Arden* and other cases (some of which are cited by Pamela here) had evidence that the attorney represented both sides of the same transaction. Not so here. There is nothing in the record suggesting that Jeffrey consented to Shane representing both him and Pamela. There is no "transaction" that Pamela or Shane identify where both sides consented to dual representation.

Second, the court in *Arden* pointed to evidence that the original client (a birth mother) consented to her attorney simultaneously representing the adoptive parents. The attorney in *Arden* also disclosed to the birth mother his duty to divulge information to the adoptive parents. *Arden*, 52 Cal. 2d at 318.

Third, even the citation to *Arden* in Pamela's reply, *Arden* 52 Cal. 2d at 317-319 demonstrates why *Arden* is not persuasive here:

> There is evidence in the record indicating that (previous client) *gave her consent* to petitioner's representation of (later clients)....

Emphasis added. 52 Cal. 2d at 318. Also:

> …the rationale of these decisions is that the common employment of the attorney remove the communication of the parties to one another and to the attorney from the privileged category.

*Id.*

The *Arden* Court also noted the attorney testified he advised the previous client of his intention to share information. *Id.* at 319.

In short, *Arden* is of no assistance to Pamela here since the record in *Arden* showed consent. Such consent has not been shown on the record here.

Pamela also cites *Croce v. Superior Court*, 21 Cal.App. 2d 18 (1937). There, an attorney jointly represented several clients and the court ruled the communications are not privileged among the clients themselves.

However, *Croce* has been widely rejected and its continued vitality has been called into question. *Kim v. The True Church Members of Holy Hill Community Church*, 236 Cal.App. 4th 1435, 1455 (2015) *citing Fiduciary Trust International of California*, 218 Cal.App. 4th at 482-486.

In Z*ador Corp. v. Kwan*, 31 Cal.App. 4th 1285 (1995) also cited by Pamela, the Court of Appeal reversed a trial court's disqualification of counsel because the former client who brought the motion consented to counsel's continued representation of former client's current opponent "notwithstanding any diversity that may have developed." *Id.* at 1303. Informed, written consent was obtained in Z*ador*. Not so here.

Finally, Pamela reasserts that under *Banning Ranch Conservancy v. Superior Court*, 193 Cal.App. 4th 903 (2011) Shane

only received from Jeffrey unprivileged general business and litigation information after Jeffrey stopped "trusting" Shane with the "community property law firm's" money in 2016.  The court already distinguished *Banning* in its original decision.

### D.

### Civ. Rule 60(b)(6) is Inapplicable.

Civ. Rule 60(b)(6) permits the court to relieve a party or its legal representative from a final judgment order or proceeding for "any other reason that justifies relief." (Fed. R. Bankr. Proc. 9024).  The rule grants Federal Courts broad authority to relieve a party from a final judgment…provided that the motion…is not premised on one of the grounds for relief enumerated in clauses (b)(1)-(b)(5) *Liljeberg v. Health Servs. Corp.*, 486 U.S. 847, 863 at fn. 11 (1988).  Application of this rule requires extraordinary circumstances which prevented a party from presenting his case.  *Lal v. California*, 610 F.3d at 518, 524 (9th Cir. 2010) cits. omitted.

Pamela does not provide any evidence or analysis of how she was unable to present her case in opposition to the motion to disqualify.  There are no extraordinary circumstances presented by Pamela that would warrant such relief under Civ. Rule 60(b)(6).

### CONCLUSION

Pamela has not demonstrated any newly discovered evidence that would change the court's decision on the motion to disqualify.  For the foregoing reasons, no manifest error of law

or fact occurred on the motion to disqualify.  Accordingly, the
motion shall be and hereby is DENIED.  A separate order shall
issue.

**Dated:** Nov 19, 2025                    **By the Court**

**René Lastreto II, Judge**
**United States Bankruptcy Court**

**Instructions to Clerk of Court**
**Service List - Not Part of Order/Judgment**

    The Clerk of Court is instructed to send the Order/Judgment or other court generated document transmitted herewith to the parties below.  The Clerk of Court will send the Order via the BNC or, if checked ___, via the U.S. mail.

Jeffrey Kane Reich
11520 N. Via Campagna Dr.
Fresno, CA 93730

Irma Edmonds
2501 West Shaw Avenue, Ste. 124
Fresno, CA 93711

Anthony D. Johnston
1600 G Street, Ste. 103
Modesto, CA 95354

Megan Zavieh
12460 Crabapple Road
Ste 202-272
Alpharetta, GA 30004

Peter B. Bunting
2304 W. Shaw Ave. Ste. 103
Fresno, CA 93711

Richard Ryan McMath
2100 Garden Rd.
Bldg. B, Suite J
Monterey, CA 93940

Shane Reich
P. O. Box 1381
Clovis, CA 93613