POSTED ON WEBSITE
NOT FOR PUBLICATION

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

FRESNO DIVISION

In re ) Case No. 25-10499-B-7
)
**JEFFREY REICH,** ) Docket Control No. SR-5
)
)
Debtor. )
)
_____)

**MEMORANDUM RULING ON OBJECTION TO DEBTOR'S CLAIM OF EXEMPTIONS AND MOTION TO CLAIM EXEMPTIONS BY NON-DEBTOR SPOUSE**

_____

Peter B. Bunting, ATTORNEY AT LAW, for Jeffrey Reich, Debtor.

Richard Ryan McMath, MCMATH LAW OFFICE, for Pamela Reich, Creditor.

_____

RENÉ LASTRETO II, Bankruptcy Judge:

This matter comes before the court on the Objection of Pamela Reich ("Pamela"), the non-debtor spouse in the above-styled Chapter 7 case filed by debtor Jeffrey Reich ("Debtor" or "Jeffrey"), to Debtor's Claim of Exemptions and Pamela's Motion to Claim Exemptions. Doc. #164.

The following facts gleaned from the record are undisputed. Jeffrey is a Chapter 7 debtor in the main case and the Defendant in an Adversary Proceeding in which Pamela is the Plaintiff challenging the dischargeability of certain debts. Pamela is Jeffrey's estranged wife with whom Jeffrey is undergoing extremely protracted divorce proceedings lasting about ten years

so far. The dissolution proceedings are pending in the Fresno County Superior Court.

On September 23, 2025, after hearing oral arguments, the took this matter under submission. Doc. #186. After review of the arguments, declarations and exhibits, the court is prepared to rule.

## **JURISDICTION**

This court has jurisdiction of this matter by reference from the District Court under 28 U.S.C. § 157 (a). The District Court has jurisdiction under 20 U.S.C. § 1334(b). This is a matter the Bankruptcy Court may hear and finally determine. 28 U.S.C. § 157 (b)(2) (A)[administration of the estate] and (B)[exemptions].

## **BACKGROUND**

1. **Procedural History**.

Jeffrey filed for Chapter 7 bankruptcy on February 21, 2025, and filed his first Schedule C on March 7, 2025. Docs. #1, #17. On March 14, 2025, Jeffrey filed his *First Amended Schedule C.* Doc. #25. On April 7, 2025, Pamela filed her *First Objection to Debtor's Claim of Exemptions* ("the First Objection" DCN SR-1). Doc. #38. Jeffrey filed a *Second Amended Schedule C* on May 1, 2025, and the court later overruled the First Objection as moot. Docs. #55, #59.

Pamela filed her *Second Objection to Debtor's Claim of Exemptions* ("the Second Objection" DCN SR-3) on June 2, 2025. Doc. #82 *et seq.* On that same day, Pamela filed an *Amended Objection,* still under DCN SR-3, to add a request that Jeffrey

exempt an appropriate amount in Pamela's IRA account (which Pamela claims Jeffrey undervalued) and to add an additional exhibit. Doc. #87.

On June 10, 2025, before the Objection to the Second Amended Schedule C could be heard, Jeffrey filed a *Third Amended Schedule C.* Doc. #91. On July 10, 2025, Pamela duly filed an Objection ("the Third Objection" DCN SR-4) to that one as well. Doc. #133.

On July 15, 2025, Jeffrey filed his *Fourth Amended Schedule C* as well as an Opposition to the Second Objection. Docs. #139-140. On August 13, 2025, Pamela again objected ("the Fourth Objection" DCN SR-5). Doc. #164. Notably for purposes of this matter, the Fourth Objection incorporated by reference all the arguments made in the Second and Third Objections. *Id.*

The court overruled the Second and Third Objections as moot on September 23, 2025. Docs. #188-189. That same day, the court heard oral arguments on the Fourth Objection and took that matter under submission. Doc. #186.

The filings in this case are somewhat extensive because Pamela's Fourth Objection specifically incorporated by reference her arguments presented in her Second and Third Objections. Consequently, in deciding the Fourth Objection, the court must also consider Pamela's previous two Objections and also any counterarguments thereto in Jeffrey's responses. Thus, the documents considered in ruling on the Fourth Objection include the following:

1. Pamela's Second Objection (SR-3) and the attached supporting documents, which include:

///

1　　　　　　a.　Pamela's Declaration (Doc. #84)
2　　　　　　b.　The Declaration of Shane Reich ("Shane"), the son of
3　　　　　　　　Pamela and Jeffrey who represented Pamela in this
4　　　　　　　　matter until his recent disqualification. (Doc. #85).
5　　　　　　　　See also Doc. #175 (Order granting motion to
6　　　　　　　　disqualify Shane).
7　　　　　　c.　The Amended Objection (Doc. #87).
8　　　　　　d.　Shane's Second Declaration in support of the Amended
9　　　　　　　　Objection (Doc. #88).
10　　　　　　e.　Exhibits consisting of excerpts from Jeffrey's Second
11　　　　　　　　Amended Schedules dated 5/1/25 (Doc. #89).
12　　2.　Jeffrey's Opposition to Pamela's Second Objection and the
13　　　　attached supporting documents:
14　　　　　　a.　Jeffrey's Declaration (Doc. #141).
15　　　　　　b.　A Memorandum of Points and Authorities (Doc. #142).
16　　　　　　c.　Exhibits (Doc. #143) consisting of:
17　　　　　　　　i.　A status statement filed in the state court
18　　　　　　　　　　divorce proceedings between Jeffrey and Pamela;
19　　　　　　　　ii.　An email from Attorney Laura Boyd to Jeffrey's
20　　　　　　　　　　counsel Peter Bunting;
21　　　　　　　　iii.　A copy of the Complaint to Determine
22　　　　　　　　　　Dischargeability of Debt filed by Pamela against
23　　　　　　　　　　Jeffrey (Case No. 25-01022 or "the AP," which is
24　　　　　　　　　　still ongoing before this court); and
25　　　　　　　　iv.　A copy of Jeffrey's Fourth Amended Schedule C
26　　　　　　　　　　filed July 15, 2025.
27　　3.　Pamela's Reply to Jeffrey's Opposition to the Second
28　　　　Objection (Doc. #153).

4.  Pamela's Third Objection (Doc. #133 DNC SR-4), which is accompanied by:
    a. Pamela's Second Declaration (Doc. #135).
    b. Shane's Second Declaration (Doc. #136).
    c. Exhibits consisting entirely of Jeffrey's Third Amended Schedule C (Doc. #137).
5.  Pamela's Fourth Objection (Doc. #164), which incorporates by reference the Second and Third Objection and which is accompanied by:
    a. Shane's Third Declaration (Doc #166).
    b. Pamela's Third Declaration (Doc. #167).
    c. Exhibits consisting entirely of Jeffrey's Fourth Amended Schedule C dated July 15, 2025 (Doc. #168).

2. **The Relevant Facts**.

The basis for the instant Objection and its predecessors lies in Jeffrey's *Fourth Amended Schedule C*, dated July 15, 2025 (hereinafter "the July 15 Schedule C"), in which Jeffrey asserts to specific exemptions to which Pamela objects:

1.  **The Campagna Property:** Jeffrey claims an exemption in real property at 11520 N. Via Campagna Drive, Fresno, California ("the Campagna Property"). In the entry, Jeffrey states: "Separated Spouse claims Debtor has ownership interest in this property. Debtor at one time paid $2,000 rent and now provides free housesitting services for Sona Vartanian." Jeffrey claims that the value of the portion he owns is $0.00 and the amount of exemption he claims is $189,050.00. Jeffrey claims this exemption under C.C.P. § 704.730 and adds "This exemption is claimed in the event the court

determines the debtor owns an interest in the property which serves as his residence."

2. **The Toyota**: Jeffrey claims an exemption in a 2017 Toyota Camry ("the Toyota") and states "Vehicle is owned by 'JS Paradise Investments or Sona Vartanian' but driven by Debtor." Jeffrey claims that the value of portion he owns is $0.00 and the amount of exemption he claims is $7,500.00. Jeffrey claims this exemption under C.C.P. § 704.710 and adds "This exemption is claimed in the event the court determines the debtor owns an interest in the vehicle."

Doc. #139.

Debtor did not list either the Campagna Property or the Toyota as exempt assets until the filing of Debtor's *Second Amended Schedule C,* dated May 1, 2025, with Debtor claiming exemptions of $348,000.00 and $7,500.00, respectively. Doc. #55. In Debtor's *Third Amended Schedule C,* dated June 6, 2025, Jeffrey reduced the exemption for the Campagna Property to $189,050.00, but the amended schedule was otherwise unchanged. Doc. #91. The July 15 Schedule C does not make any changes to the entries for the Campagna Property or the Toyota. Doc. #139.

**LEGAL ANALYSIS**

1. **Exemptions**.

The court begins with an overview of the relevant law governing exemptions in bankruptcy.

> Congress authorized states to opt out of the federal bankruptcy exemptions created by Bankruptcy Code § 522(d). 11 U.S.C. § 522(b)(2). California exercised

the § 522(b)(2) option to opt out by making the federal bankruptcy exemptions inapplicable in the state. Cal. Code Civ. P. § 703.130. Since the federal exemptions created by § 522(d) do not apply in California, basic exemption questions in California bankruptcies entail the application only of California law. When California opted out of the federal bankruptcy exemptions prescribed at § 522(d), it simultaneously enacted as state law a veritable clone of § 522(d) that could, in lieu of the basic judgment enforcement exemptions, be utilized in bankruptcy cases. Cal. Code Civ. Pro. § 703.140; *In re Petruzzelli*, 139 B.R. 241, 244 (1992).

*In re Tallerico*, 532 B.R. 774, 779 (Bankr. E.D. Cal. 2015).

In the July 15 Schedule C, Debtor claimed exemptions under 11 U.S.C. § 522(b)(3) and exempted both the Campagna Property and the Toyota pursuant to California's state exemptions. Doc. #139. Specifically, the Campagna Property was exempted under C.C.P. § 704.730, and the Toyota was exempted under C.C.P. § 704.010. *Id.* In both cases, Debtor stated that the relevant exemption was claimed "in the event the court determines the debtor owns an interest" in the Campagna Property and/or the Toyota. *Id.*

In her Objection(s), Pamela seeks to have Debtor's claimed exemptions in the Campagna Property and the Toyota disallowed. Doc. #164. She also moves that Debtor be compelled to claim exemptions in certain community property, either through the court ordering that these exemptions be deemed filed or by the court ordering Debtor to file amended exemptions claiming them. *Id.* Pamela argues that Jeffrey owes her a fiduciary duty pursuant to Cal. Fam. Code §§ 721(b) and 1100(e) that requires him to exempt this community property. *Id.* The assets relevant to Pamela's motion are:

///

///

1. The property located at 1731 Robinwood, Clovis, CA ("the Robinwood Property"). This is the community property home of Jeffrey and Pamela. Pamela asks that the Robinwood Property be exempted pursuant to C.C.P. 704.730 in the amount of $361,110.00.
2. A 2010 Mazda driven by Pamela ("the Mazda") to be exempted pursuant to C.C.P. § 704.010 in the amount of $7,500.00.
3. An exemption of $30,000.00 in Pamela's IRA.

*Id.*

The court begins with an examination of whether Jeffrey's claimed exemptions in the Campagna Property and the Toyota should be disallowed, as a finding in favor of Jeffrey on this point may moot some or all of Pamela's remaining objections.

2. **Should Jeffrey's Exemptions Be Disallowed?**

The gravamen of Pamela's arguments for striking Debtor's exemptions in the Campagna Property and the Toyota lie in the fact that Jeffrey affirmatively claims that he does not own either asset and holds no ownership interest in them. Therefore, he cannot claim an exemption in either asset. Docs. #133, #164.

The court agrees with this argument. A debtor may not claim an § 522 exemption on assets which he does not own and which are not property of the estate. "[W]hat debtor could exempt property that he or she does not own or have an interest in?" *In re Guevarra*, Nos. 18-25306-B-7, BHS-4, 2021 Bankr. LEXIS 1543, at *11 (Bankr. E.D. Cal. June 7, 2021), rev'd on other grounds by *Guevarra v. Whatley (In re Guevarra)*, 638 B.R. 120 (B.A.P. 9th Cir. 2022); *see also See In re Scotti,* 456 B.R. 760, 763 (Bankr.

D.S.C. 2011) ("[I]n order to exempt property, not only must the property be part of the bankruptcy estate under § 541, the debtor claiming the exemption must own the property, or have an interest in the property.")

Jeffrey states unambiguously that he "housesits" the Campagna Property, which is owned by Sona Vartanian, and that he drives the Toyota which is owned by "JS Paradise Investments or Sona Vartanian." Doc. #139. "[S]omething held in trust by a debtor for another is neither property of the estate under section 541(d), nor property of the debtor for purposes of section 547(b)." *In re Guevarra*, 638 B.R. at 132 (quoting *Mitsui Mfrs. Bank v. Unicom Comput. Corp. (In re Unicom Comput. Corp.)*, 13 F.3d 321 (9th Cir. 1994)).

Debtor seems to concede this in the July 15 Schedule C, stating that the two assets are exempted "in the event the court determines" that he has an interest in them that could make them subject to exemptions. Doc. #139. This is entirely speculative and unnecessary. Debtors in bankruptcy have a general right to amend their schedules, including their exemptions, at any time before the case is closed. Fed. R. of Bankr. P. 1009(a). Indeed, under appropriate circumstances, a debtor can amend his exemptions after the case has been closed and later reopened. *Goswami v. MTC Distrib. (In re Goswami)*, 304 B.R. 386, 392-93 (B.A.P. 9th Cir. 2003); *see also In re Boyd*, 243 B.R. 756, 766 (N.D. Cal. 2000)("For the purposes of filing amendments, there is no difference between an open case and a reopened case").

Thus, if either the Campagna Property or the Toyota are shown in the future to be assets in which Jeffrey has an

ownership interest, Debtor is free to amend his Schedule C once again to exempt them. Granted, Pamela herself has argued in other forums that Jeffrey *does* hold an interest in both assets, and, in fact, he purchased them on behalf of Sona Vartanian and concealed that fact in his bankruptcy filings. Doc. #164. If circumstances change to give Jeffrey an exemptible interest in the two assets, he will have the opportunity to further amend his schedules to claim any applicable exemptions at that time, and Pamela will have her chance to respond.

The objection will be SUSTAINED to the extent of disallowing the exemptions claimed by Debtor for the Campagna Property and the Toyota.

3. **Should Jeffrey Be Forced to Claim Pamela's Proposed Exemptions?**

Having determined that Jeffrey cannot claim exemptions in the Campagna Property or the Toyota, the court moves on to Pamela's novel theory regarding Jeffrey's alleged fiduciary duties owed to her which compel him to claim those exemptions against his wishes.

Pamela argues the court should order that "the exemptions she has requested be deemed filed or, alternatively, that Debtor be ordered to file amended exemptions" to claim the Robinwood Property and the Mazda as exempt. Doc. #164. Specifically, Pamela asks the court to effectively impose the following exemptions without Jeffrey's consent: a $361,110.00 exemption in the Robinwood Property pursuant to CCP 704.730, a $7,500.00 exemption

///

in the Mazda pursuant to CC 704.010, and an exemption of $30,000 in Pamela's own IRA. *Id.*

The court notes that Pamela *does not* present arguments that she has the power to file the requested exemptions herself pursuant to 11 U.S.C. § 522(l) and/or Fed. R. Bankr. P. 4003(a), both of which permit a "dependent" of the debtor to file a list of property claimed as exempt if the debtor fails to file a Schedule C. Both § 522(l) and Rule 4003(a) are silent as to the mechanism by which any such dependent may file such a list, and Pamela does not address those two provisions.

In any event, while precedent interpreting § 522(l)'s language regarding the right of a dependent to file a Schedule C on behalf of a debtor is quite sparse, the court is persuaded that a dependent can only do so when the debtor has filed no Schedule C at all rather than simply one with which the dependent disagrees. *See e.g. In re Taylor*, No. 15-10689, 2015 Bankr. LEXIS 3562, at *4-5 (Bankr. N.D. Cal. Oct. 20, 2015)("The court rejects as contrary to the language of the statute [dependent's] unsupported argument that a defective or objectionable list of exemptions is the same thing as no list at all, as the debtor always has the ability to amend the list.")

According to Pamela, Jeffrey is obligated to exempt the aforementioned community property because of fiduciary duties placed upon him by the California Family Code (C.F.C.). *Id.* Pamela cites numerous C.F.C. provisions to support the existence of a fiduciary duty owed by Jeffrey to his estranged wife while their divorce proceedings are ongoing. *Id.* Strikingly absent from her filings, however, is citation to any provisions of the

1 Bankruptcy Code providing a basis for the court to grant the
2 relief she seeks, or at least through the medium she has
3 requested it.

> "Actions for breach of fiduciary duty, historically speaking, are almost uniformly actions in equity -- carrying with them no right to trial by jury." The characterization of actions for breach of fiduciary duties as primarily equitable has been upheld in a number of contexts, including the bankruptcy context.

*McGranahan v. Christian (In re Cent. Valley Processing),* No. CV F 05-1153 AWI LJO, 2006 U.S. Dist. LEXIS 41783, at *9 (E.D. Cal. June 8, 2006)(citations omitted); *see also Dunoco Corp. v. Dunoco Dev. Corp.*, 56 B.R. 137, 140 (C.D. Cal. 1985)(bankruptcy trustee's action for breach of fiduciary duty was equitable in nature).

*McGranahan* and *Dunoco* focused on the question of whether breach of fiduciary duty represented an equitable claim because the adversary proceedings in those cases raised questions about the Seventh Amendment guarantee of a jury trial in the context of an equitable claim, as implicated by *Granfinanciera, S.A. v. Nordberg*, 492 U.S. 33, 109 S. Ct. 2782, 106 L. Ed. 2d 26 (1989).

But the question is relevant here because, if Pamela wants the court compel Jeffrey to comply with his fiduciary duties to her, her request necessarily becomes a demand for equitable relief which cannot be heard through a contested matter.

> "Contested matter" in the bankruptcy context is a term of art. There is a distinction among "contested matters," "adversary proceedings," and "administrative matters." *See* 10 Collier on Bankruptcy ¶ 9014.01 (Alan N. Resnick & Henry J. Sommer eds., 15th ed. rev. 2007). Administrative matters are those issues that are not contested, such as unopposed motions. Id. Adversary proceedings are a species of contested matters governed by Part VII of the Bankruptcy Rules. Id. A matter

qualifies as an "adversary proceeding," as opposed to a "contested matter," if it is included in the list given in Bankruptcy Rule 7001. *Id.; see* Fed. R. Bankr. P. 7001. Otherwise, it is a "contested matter." See Fed. R. Bankr. P. 9014(a).

*Barrientos v. Wells Fargo Bank, N.A.*, 633 F.3d 1186, 1189-90 (9th Cir. 2011).

11 U.S.C. 7001(g) lists "a proceeding to obtain an injunction or other equitable relief—except when the relief is provided in a Chapter 9, 11, 12, or 13 plan" among the matters which qualify for an adversary proceeding. Consequently, it was improper for Pamela to incorporate into this Objection what is essentially a demand for equitable relief in the form of the court either directing Jeffrey to amend his exemptions according to her preferences or to simply deem her preferred exemptions as having been filed. Accordingly, to the extent that the Objection seeks such equitable relief, it will be OVERRULED.

**CONCLUSION**

For the forgoing reasons, the Objection is SUSTAINED IN PART AND OVERRULED IN PART. The Objection is SUSTAINED to the extent of striking the Debtor's claimed exemptions in the Campagna Property and the Toyota. The Objection is OVERRULED regarding Pamela's request that the court direct Debtor to amend his filings in order to claim an exemption in the Robinwood Property, the Mazda, and Pamela's IRA on the grounds that the requested

///
///
///
///

relief represents equitable relief which must be raised in an adversary proceeding rather than in a contested matter.

A separate order shall issue.

Dated: Nov 25, 2025

By the Court

René Lastreto II, Judge
United States Bankruptcy Court

| | |
|---|---|
| 1 | **Instructions to Clerk of Court** |
| | **Service List - Not Part of Order/Judgment** |
| 2 | |
| 3 | The Clerk of Court is instructed to send the Order/Judgment |
| | or other court generated document transmitted herewith to the |
| 4 | parties below. The Clerk of Court will send the Order via the |
| | BNC or, if checked ___, via the U.S. mail. |
| 5 | |
| 6 | Jeffrey Kane Reich |
| | 11520 N. Via Campagna Dr. |
| 7 | Fresno, CA 93730 |
| 8 | Irma Edmonds |
| | 2501 West Shaw Avenue, Ste. 124 |
| 9 | Fresno, CA 93711 |
| 10 | Anthony D. Johnston |
| | 1600 G Street, Ste. 103 |
| 11 | Modesto, CA 95354 |
| 12 | Megan Zavieh |
| | 12460 Crabapple Road |
| 13 | Ste 202-272 |
| | Alpharetta, GA 30004 |
| 14 | |
| | Peter B. Bunting |
| 15 | 2304 W. Shaw Ave. Ste. 103 |
| | Fresno, CA 93711 |
| 16 | |
| | Richard Ryan McMath |
| 17 | 2100 Garden Road |
| | Bldg. B, Suite J |
| 18 | Monterey, CA 93940 |
| 19 | |
| 20 | |
| 21 | |
| 22 | |
| 23 | |
| 24 | |
| 25 | |
| 26 | |
| 27 | |
| 28 | |